IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | |
| STREAMLINE PRODUCTION ) | Case No. 3:23-bk-02638 |
| GROUP, LLC, ) | Chapter 7 |
|    Debtor. ) | Judge Walker |
| ) | |
| EVA M. LEMEH, TRUSTEE, ) | |
|    Plaintiff, ) | |
| ) | |
| v. ) | Adv. Proc. No. _____ |
| ) | |
| NO NAME GROUP, LLC, ) | |
|    Defendant. ) | |
| ) | |

# COMPLAINT

Eva M. Lemeh, the Trustee in the above-captioned case, files this action against the above-named Defendant for successor liability/alter ego and related relief, and would further state:

## PARTIES

1. Plaintiff Eva M. Lemeh (the "Trustee") is the duly appointed Chapter 7 Trustee of the estate of Streamline Production Group, LLC (the "Debtor"). The Trustee brings this Complaint in her capacity as trustee, on behalf of the Debtor, for its claims against Defendant.

2. Defendant No Name Group, LLC ("No Name" or "Defendant") is, upon information and belief, a limited liability company organized under the laws of Tennessee and may be served with process upon its registered agent, Justin Zebell, at 427 Nichol Mill Lane, Franklin, Tennessee 37067.

## JURISDICTION AND VENUE

3. This Court has jurisdiction in the matter pursuant to 28 U.S.C. § 157(b).

4. This adversary proceeding constitutes a core proceeding within the meaning of 28 U.S.C. § 157(b).

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1409(a).

The statutory predicate for the relief sought herein includes, but is not limited to, 11 U.S.C. §§ 541, 544, 550 and 551, and Rule 7001 of the Federal Rules of Bankruptcy Procedure.

## BACKGROUND

6. Upon information and belief, the Debtor was a company specializing in large event planning. Ninety percent of the Debtor's membership interests were owned by Justin Zebell ("Zebell"), while ten percent of the Debtor's membership interests were owned by a holding company, which was wholly owned by Zebell. Likewise, Zebell owns ninety percent of No Name's membership interests while the other ten percent is owned by a holding company, which is wholly owned by Zebell.

7. The Debtor filed a voluntary Chapter 7 petition with this Court on July 25, 2023 (the "Petition Date").

8. The next day, on July 26, 2023, Zebell registered No Name with the Tennessee Secretary of State. Like the Debtor, No Name lists Zebel as its registered agent.

9. No Name is the successor in all respects to the Debtor, and should be held liable for the debts of the Debtor.

10. Upon information and belief, since the Petition Date, No Name has continued the same business of the Debtor (event planning), worked on at least one of the same contracts as those signed by the Debtor, serviced other customers that the Debtor regularly serviced, managed two touring artists that were previously managed by the Debtor, operated with the same or substantially similar ownership structure as the Debtor, with the same or substantially similar employees,

utilized the same or substantially similar vendors and contract labor, and has used at least eight computers that previously belonged to the Debtor.

## FIRST CLAIM FOR RELIEF

(Successor Liability and Alter Ego)

11. The Trustee incorporates and restates by reference all preceding paragraphs of this Complaint.

12. The Debtor and No Name are one and the same entity, and No Name is a mere continuation of the Debtor. Many of the clients, vendors, and subcontractors of the Debtor are the same or are substantially similar to the clients, vendors, and subcontractors of No Name. Justin Zebell held 90% of the membership interests of Debtor, while one of his wholly-owned holding companies held the other 10% of the membership interests of the Debtor. Justin Zebell also holds 90% of the membership interests of No Name, while one of his wholly-owned holding companies holds the other 10% of the membership interests of No Name.

13. Upon information and belief, No Name is utilizing the same, or substantially similar, assets of the Debtor to provide the same services, namely event planning services.

14. As outlined in *RXAR Co., LLC v. Rheumatology Assoc., P.A.,* the United States District Court for the Middle District of Tennessee (citing Tennessee law), stated that a successor entity is a mere continuation if;

> 1) The predecessor "transferred its assets" to the successor, 2) the successor company "pays less than adequate consideration for the assets", 3) the successor company continues the predecessor's business, 4) both companies "share one common officer who was instrumental in the transfer", and 5) the predecessor company "is left incapable of paying its creditors."

*RXAR Co., LLC v. Rheumatology Assoc., P.A.,* 2017 U.S. Dist. LEXIS 64354 (M.D. Tenn. 2017).

15. No Name utilizes the same equipment as the Debtor and employs the same or substantially similar employees.

16. Unfinished contracts and intellectual property of the Debtor were transferred to No Name, yet no funds were transferred to the Debtor as compensation for the transfer of any of these assets.

17. The Debtor provided event planning services to clients, and No Name provides the exact same services, and to some of the same clients. No Name also manages at least two touring musical artists who were previously managed by the Debtor.

18. Zebell and No Name sought to shift any valuable assets (including intellectual property and other intangible assets) away from the Debtor and leave all debt in the corporate shell of the Debtor, in an attempt to hinder, delay, and defraud the Debtor's creditors.

19. Given that No Name is nothing more than a mere continuation and alter ego of the Debtor, the Trustee requests that the court enter a judgment against No Name in the full amount of the indebtedness owed by the Debtor, plus all attorneys' fees and costs incurred by the Trustee and the estate for the pursuit of this action.

WHEREFORE, the Trustee requests that the Court enter a judgment:

A. Granting the Trustee a monetary judgment against Defendant No Name Group, LLC in an amount to be proven at trial;

B. Finding that No Name Group, LLC is a mere continuation of the Debtor and, as such, is liable for all debts owed by the Debtor, plus all attorneys' fees and costs incurred by the Trustee and the estate for the pursuit of this action, pursuant to Tennessee state law on successor liability;

C. Granting pre- and post-judgment interest, attorneys fees, and the costs of this action as appropriate; and

D. Granting such other relief as the Court deems just and proper.

Respectfully submitted,

/s/ Phillip G. Young, Jr.
Phillip G. Young, Jr.
Thompson Burton PLLC
6100 Tower Circle, Suite 200
Franklin, TN 37067
Tel: (615) 465-6000
phillip@thompsonburton.com

Counsel to Eva M. Lemeh, Trustee