IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | | |
|---|---|---|---|
| IN RE: | ) | | |
| | ) | CHAPTER: | 7 |
| STREAMLINE PRODUCTION GROUP, LLC, | ) | CASE NO.: | 3:23-bk-02638 |
| | ) | JUDGE: | Walker |
| Debtor. | ) | | |
| | ) | | |
| EVA M. LEMEH, TRUSTEE, | ) | ADV. PROC. NO. | 3:25-ap-90071 |
| | ) | | |
| Plaintiff, | ) | | |
| | ) | | |
| v. | ) | | |
| | ) | | |
| NO NAME GROUP, LLC, | ) | | |
| | ) | | |
| Defendant. | ) | | |

**MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO DISMISS ADVERSARY PROCEEDING**

Defendant No Name Group, LLC ("NNG") respectfully files this memorandum of law (the "Memorandum") in support of its pending *Motion to Dismiss Adversary Proceeding* (the "Motion"). In the Motion, NNG seeks dismissal with prejudice of this action pursuant to Fed. R. Bankr. P. 7012(b)(1) and Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction. In short, Plaintiff Eva M. Lemeh, Trustee (the "Trustee"), solely in her capacity as trustee for the bankruptcy estate of Debtor Streamline Production Group, LLC (the "Debtor"), lacks standing to bring the lone claim asserted in this adversary proceeding. Only individual creditors can seek such relief, as the claim is not property of the estate under 11 U.S.C. § 541(a)(1) and is otherwise outside the scope of a trustee's authority under 11 U.S.C. § 544(a). Accordingly, the Court should dismiss this action with prejudice.

In support, NNG states as follows:

# INTRODUCTION AND FACTUAL SUMMARY[1]

This lawsuit is an action by the Trustee seeking to impose a monetary judgment against NNG—a non-debtor—based on a "claim" for "Successor Liability and Alter Ego" on behalf of the Debtor's bankruptcy estate. According to the Complaint, the Debtor—an event planning company—filed a chapter 7 bankruptcy case on July 25, 2023 (the "Petition Date"), creating a bankruptcy estate of the Debtor's property that existed on that date. [Doc. No. 1, ¶¶ 6-7]. That same day, Justin Zebell—the Debtor's owner—also filed a chapter 7 bankruptcy case in this Court, Case No. 3:23-bk-02637.

After these two bankruptcy filings, Mr. Zebell created NNG, another event planning company. [*Id.* at ¶¶ 8, 10]. This is logical. Mr. Zebell's ability to earn money is based exclusively on his personal skill set and relationships in the event planning space. Mr. Zebell therefore intended to continue making a living post-petition doing the job he knew best—event planning—by and through another entity he owned as a self-employed professional.

On September 15, 2023—less than two months after the Petition Date—the Trustee filed a motion to employ McLemore Auction Company and to sell substantially all the Debtor's business assets and split the proceeds with the senior secured lender on an 80/20 basis. [*See* Bankr. Doc. Nos. 12-13]. The Court approved that sale on October 10, 2023, and the Trustee confirmed the conclusion of that sale on November 29, 2023. [Bankr. Doc. Nos. 24, 34].

In the two years that followed the Petition Date, Mr. Zebell operated NNG to earn a living and has done so without issue. However, on July 21, 2025, just days before the expiration of the

---

[1] NNG disputes both the factual allegations and the legal conclusions drawn therefrom by the Trustee in her Complaint. NNG contends that the facts here do not—and could not ever—support any finding of successor liability or alter ego by any plaintiff. However, the Court need not consider any of those arguments, as the Trustee lacks standing to seek this relief as a matter of law. Any reference below to any facts outside the pleadings is for context only, and it is not necessary to the relief requested herein.

Trustee's two-year statute of limitations under 11 U.S.C. § 546(a), the Trustee filed this action, asserting a claim for "Successor Liability and Alter Ego." Significantly, the Trustee does not seek recovery of any particular property or assert any sum certain of liability. Instead, she seeks a declaration that NNG is liable for all the claims asserted against the Debtor under an equitable theory of alter ego or successor liability under state law, and that this somehow entitles the Trustee to a monetary judgment against NNG.

NNG disputes any liability in this case. It is not the Debtor's alter ego. It is not the Debtor's mere continuation or successor. It did not take title to any asset of the Debtor, and certainly not any asset for less than reasonably equivalent value.[2] The Trustee took control over the Debtor's assets and promptly sold them. NNG is merely a new company—created after the Petition Date—to serve as Mr. Zebell's primary source of income earned using his personal skill set. And it now must defend itself two years after its creation despite having nothing to do with the Debtor other than being operated by the same person in the same industry.

This is patently inappropriate. Were this sort of action permissible, no self-employed debtor could ever emerge from bankruptcy with a fresh start. A construction worker who wishes to continue working construction as a subcontractor risks post-bankruptcy liability simply for carrying on making a living in the only industry he knows. The same is true for all non-traditional self-employed entrepreneurs like Mr. Zebell. And it is fully inconsistent with the goals and policies of bankruptcy.

But the Court need not weigh in on this question here for one simple reason: ***the Trustee lacks standing to pursue this claim as a matter of law***. Such claim does not belong to the Debtor's bankruptcy estate. It belongs exclusively to individual creditors themselves, and only they may

---

[2] It is hard to fathom how NNG could have possible taken title to any asset of the Debtor when the Trustee has not entered an order of abandonment, and NNG did not even exist until after the Petition Date.

assert it. For these reasons, NNG respectfully requests that this Court dismiss this case with prejudice for lack of standing.

## ARGUMENT

**A. The Trustee lacks standing to pursue her claim for Successor Liability and Alter Ego because such "claims" are not property of the estate under 11 U.S.C. § 541(a)(1).**

The only claim asserted against NNG in this case is "Successor Liability and Alter Ego." Through this lone claim, the Trustee seeks to impose a judgment against NNG "in the full amount of the indebtedness owed by the Debtor," among other things. [Doc. No. 1, ¶ 19]. The Trustee does not seek to recover any particular asset but instead seeks a declaration that NNG is liable for all claims asserted by creditors against the Debtor. The Trustee then asks for a monetary judgment to allow the Trustee to collect the value of all claims against the Debtor from NNG.

The Trustee cannot this claim as a matter of law. The Sixth Circuit addressed this issue in *In re RCS Engineered Products Co., Inc.*, 102 F.3d 223 (6th Cir. 1996). That case involved a challenge to a chapter 7 trustee's standing to bring an alter ego claim on behalf of an estate, or more generally, a claim for a creditor remedy to impute the liability of one entity onto another. In that case, the chapter 7 trustee of a debtor subsidiary asserted a "claim" for alter ego against the debtor's parent. The court held,

> Section 704 of the Bankruptcy Code requires a Chapter 7 trustee to "collect and reduce to money the *property of the estate* for which the trustee serves...." 11 U.S.C. § 704(1) (emphasis added). Section 541(a)(1) defines "property of the estate" to include "all legal or equitable interests of the debtor in property as of the commencement of the case." *Id.* § 541(a)(1). It is clear that causes of action belonging to the debtor prior to bankruptcy constitute estate property, and that § 704(1) grants the bankruptcy trustee the authority to pursue such causes of action. *See* 4 Collier on Bankruptcy Par. 541.10[1], at 541–62 (15th ed. 1986).

*Id.* at 225. It then concluded that the trustee could not pursue the claim because the debtor could not pursue such claim under non-bankruptcy law, meaning the claim was not property of the estate.

*Id.* at 226. It also noted that this was consistent with basic corporate law principals, namely that (a) alter ego findings are exclusively for the benefit of creditors, not the entity or its owners, and (b) alter ego is not even a cause of action, but merely a vehicle to fasten existing liability upon another person or entity. *Id.* Accordingly, the Sixth Circuit reversed the bankruptcy court and held that the trustee lacked standing to pursue the alter ego claim, as it was not "property of the estate" under 11 U.S.C. § 541(a)(1). *Id.* at 227.

This district has followed *RCS Engineered* on multiple occasions since that decision was published. This Court conducted a similar analysis in *In re Del-Met Corp.,* 322 B.R. 781 (Bankr. M.D. Tenn. 2005). After citing *RCS Engineered* (a case decided under Michigan state law), Judge Lundin considered whether Tennessee law allowed an entity itself to sue another entity as its own alter ego—a threshold requirement for whether such a claim could be property of the first entity's bankruptcy estate. *Id.* at 831-32. Following a discussion of *Brown v. Vencap Inv. Corp.,* 1984 Tenn. App. LEXIS 3424 (Tenn. Ct. App. Mar. 31, 1984)—a case in which the Tennessee Court of Appeals concluded that a chapter 7 trustee lacked standing to pursue claims for alter ego on behalf of an estate—this Court held that the trustee could not pursue such a claim in bankruptcy. *Id.* at 833 ("*Vencap* is persuasive that Tennessee law does not support this trustee's standing to pierce the corporate veils of DMC, DMT and DMW to create a single business enterprise.").

Similarly, Judge Trauger concluded that alter ego claims are not property of the estate—and a trustee has no standing to assert them on behalf of an estate—in *Regions Bank v. JP Realty Partners, Ltd.*, 912 F. Supp. 2d 604 (M.D. Tenn. 2012). In that case, after citing *RCS Engineered* and *Del-Met Corp.,* Judge Trauger held,

> Although *In Re RCS* involved the application of Michigan law, not Tennessee law, the Sixth Circuit's analysis is consonant with that of the Tennessee Court of Appeals in *Brown v. Yencap.*[3] *Yencap* involved a substantially similar *alter ego* standard

---

[3] The unpublished Tennessee Court of Appeals case is styled as *Brown v.* <u>Vencap</u> in the *Del-Met* case but *Brown v.*

> and rested on a similar analysis: namely, that the right to sue under an *alter ego* theory inures to the benefit of third parties and, therefore, may be exercised only by third parties, not by or on behalf of the debtor corporation itself. Moreover, in *In Re RCS*, even in the absence of relevant state appellate court precedent (in contrast to the circumstances presented here) the Sixth Circuit reached the same conclusion as the Tennessee Court of Appeals.
>
> The defendants have not cited to any contrary interpretation of Tennessee law on this issue, nor have they argued that, if faced with the issue, the Tennessee Supreme Court would reach a decision contrary to the relevant findings in *Yencap* or *In Re Del–Met*. Accordingly, the defendants here provide no persuasive reason why the court should not treat *Yencap*—and *In Re Del–Met's* interpretation thereof—as the best indication of how the Tennessee Supreme Court would decide this issue.
>
> . . .
>
> Accordingly, the court is persuaded that *alter ego* claims are not property of JP-Nashville's estate under Tennessee law.

*Id.* at 616-17.

Here, the only claim asserted by the Trustee against NNG is "Successor Liability and Alter Ego." This "claim" is not a claim at all but rather is an equitable remedy that allows creditors—but not a debtor—to impute liability onto non-obligors. As set forth above, because this "claim" is not a property right belonging to the Debtor, it did not become property of the estate under 11 U.S.C. § 541(a)(1) upon the Petition Date, and the Trustee has no standing to pursue it under 11 U.S.C. § 704(a)(1). The Court therefore should dismiss this action with prejudice for lack of standing.

### B. The Trustee lacks standing to pursue her claim for Successor Liability and Alter Ego because such "claims" are not actions to recover property under 11 U.S.C. § 544.

As an alternative basis for jurisdiction, the Trustee may seek to rely on 11 U.S.C. § 544(a)—a statute that vests trustees with limited rights as *creditors* as opposed to merely stepping in the shoes of the debtor. Perhaps the Trustee may seek to avoid the imposition of 11 U.S.C. §

---

*Yencap* in the *Regions Bank* case.

541(a)(1) by acknowledging that "Successor Liability and Alter Ego" are exclusively creditor remedies but nonetheless asserting standing to pursue those creditor remedies through Section 544(a)(1).

But this Court already rejected this argument in *In re Del-Met*. In that case, Judge Lundin acknowledged that the Seventh Circuit found standing for a bankruptcy trustee to pursue alter ego claims pursuant to Section 544(a) in *Koch Refining v. Farmers Union Cent. Exchange, Inc.,* 831 F.2d 1339, 1342-46 (7th Cir. 1987)—a case applying Illinois and Indiana law. However, relying again on the *Brown v. Vencap* decision, Judge Lundin ultimately rejected the trustee's argument under Section 544 as construed by *Koch Refining*, holding,

> Despite the attractive logic in *Koch Refining*, this court concludes that the Sixth Circuit would not embrace § 544(a) as a source of standing for a Chapter 7 trustee's single business enterprise action under Tennessee law.

*In re Del-Met*, 322 B.R. at 835 (citing *In re Southwest Equip, Rental, Inc.,* 102 B.R. 132, 136-39 (E.D. Tenn. 1989). In so holding, Judge Lundin distinguished Tennessee law from the relevant case law in *Koch Refining. Id.* ("There is language in *Vencap* indicating that the predicate in *Koch Refining* for use of § 544(a)—that the veil-piercing cause of action is 'general' to all creditors under state law—is not the law of Tennessee.") Thus, the Trustee also lacks standing to pursue her lone claim against NNG under 11 U.S.C. § 544(a)(1). Accordingly, the Court should dismiss this case with prejudice for lack of jurisdiction.

## CONCLUSION

NNG is not subject to a finding of successor liability or alter ego by any plaintiff, whether a creditor or the Trustee. The facts of the case simply do not support such relief. But the Court need not investigate or determine the facts of the case. Under the facts as pled, the Trustee lacks standing to pursue this claim. The claim is not property of the estate, so the Trustee has no standing

to pursue it under 11 U.S.C. §§ 541(a)(1) or 704(a)(1). The Trustee also has no standing to pursue the claim as a creditor under 11 U.S.C. § 544 if the Complaint were construed to have pled that statute as a jurisdictional basis for the requested relief. The Court therefore should dismiss this adversary proceeding with prejudice as a matter of law.

        Respectfully submitted,

/s/ Henry E. ("Ned") Hildebrand, IV
Henry E. ("Ned") Hildebrand, IV
DUNHAM HILDEBRAND PAYNE WALDRON, PLLC
9020 Overlook Boulevard, Suite 316
Brentwood, Tennessee 37027
615.933.5851
ned@dhnashville.com
*Counsel for No Name Group, LLC*

## CERTIFICATE OF SERVICE

On September 5, 2025, the foregoing was served via CM/ECF on all parties consenting to electronic service in this case, and by U.S. Mail, postage prepaid to:

Phillip G. Young, Jr.
Thompson Burton PLLC
6100 Tower Circle, Suite 200
Franklin, TN 37067
*Counsel to Eva M. Lemeh, Trustee*