SO ORDERED.
SIGNED 6th day of November, 2025

THIS ORDER HAS BEEN ENTERED ON THE DOCKET.
PLEASE SEE DOCKET FOR ENTRY DATE.

Charles M. Walker
U.S. Bankruptcy Judge



IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| STREAMLINE PRODUCTION GROUP, LLC, | ) | CASE NO.: 3:23-bk-02638 |
| | ) | CHAPTER 7 |
| Debtor. | ) | JUDGE WALKER |
| | ) | |
| EVA M. LEMEH, TRUSTEE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | ADV NO.: 3:25-ap-90071 |
| | ) | |
| NO NAME GROUP, LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**ORDER ON DEFENDANT'S RULE 12(b)(1) MOTION TO DISMISS**

This adversary proceeding came before the Court on Defendant, No Name Group, LLC's Motion to Dismiss for lack of subject-matter jurisdiction under Fed. R. Civ. P. 12(b)(1) as incorporated by Fed. R. Bankr. P. 7012 (the "Motion"). The Court has considered the Motion, Defendant's supporting memorandum, The Trustee's response and Defendant's reply, the pleadings of record, and the argument of counsel.

1

## I. Background and Procedural Posture

Streamline Production Group, LLC, (the "Debtor") filed for relief under Chapter 7 of the Bankruptcy Code on July 25, 2023 (the "Petition Date"). The Chapter 7 Trustee filed a single-count Complaint (ECF Doc. No. 1) titled "Successor Liability and Alter Ego," seeking to hold No Name Group, LLC (the "Defendant" or "NNG"), an entity that was created post-petition, liable for the debts of the Debtor, based on alter-ego and successor-liability theories under Tennessee Law. Defendant moved to dismiss (ECF Doc. No. 8) for lack of subject-matter jurisdiction on the ground that such theories are creditor remedies that do not belong to the estate under 11 U.S.C. § 541 and are not within the Trustee's authority under § 544(a). The Trustee opposed (ECF Doc. No. 12); Defendant replied (ECF Doc. No. 13).

As framed by the pleadings, the Trustee's theory centers on (i) the Debtor's principal forming NNG after the Petition Date and (ii) NNG thereafter operating in the same line of business, without the complaint identifying specific post-petition transfers of estate property to NNG or particular assets or opportunities that migrated from the Debtor to NNG.

## II. Legal Standards

**Rule 12(b)(1).** A motion to dismiss for lack of subject matter jurisdiction challenges the court's adjudicatory power. Bankruptcy courts have jurisdiction over cases under title 11 and civil proceedings "arising under," "arising in," or "related to" cases under title 11. See, 28 U.S.C. § 1334(b). Whether claims ultimately belong to the estate (i.e., standing or property of the estate issues) ordinarily goes to the merits or the sufficiency of the complaint – not to the existence of federal jurisdiction – so long as the asserted claim could have a conceivable effect on the estate.

**Authority to Reach Rule 12(b)(6) Sua Sponte.** Although NNG moved only under Rule 12)(b)(1), the Court may sua sponte dismiss for failure to state a claim where the pleading deficiency is apparent and the parties have had notice and opportunity to address the sufficiency. Here both sides squarely briefed the sufficiency of the complaint in the papers before the Court and at oral argument and the Court's analysis is confined to the complaint and documents embraced by it, so Rule 12(d) conversion is not implicated. Under these circumstances, addressing Rule 12(b)(6) now serves Rule 1's mandate of a "just, speedy and inexpensive determination" and causes no prejudice to either party.

To survive a Rule 12 (b)(6) challenge, a complaint must plead facts that, accepted as true state a facially plausible claim. In the context currently before the Court, that generally requires well-pleaded facts showing either: (a) actionable transfers or retention of estate property (e.g., under §549, §550 or turnover), or (b) a cognizable successor-liability or alter-ego theory under Tennessee law with sufficient detail, rather than conclusory overlap of personnel or mere continuation of personal services.

**Governing Substantive Law – Youree Controls.** In *Youree v. Recovery House of E. Tenn., LLC*, 705 S.W.3d 193 (Tenn. 2025), the Tennessee Supreme Court reaffirmed that veil piercing requires all three of the *Continental Bankers* elements and clarified that the *Allen* "factors" are merely illustrative and do not replace the elements. *Youree,* 705 S.W.3d at 209-212. The required elements are: (1) control or domination as to the transaction under attack; (2) use of that control to commit fraud, wrongdoing, or dishonest/unjust act; and (3) proximate causation of the plaintiff's injury or unjust loss. *Id.* at 209.

### III.  Analysis

**A.  Subject Matter Jurisdiction Exists; Rule 12(b)(1) is Not the Proper Vehicle**

The Trustee's claims, if successful, would augment the estate or affect distributions; they are at least "related to" the bankruptcy case under § 1334(b).  Defendant's contention that an alter-ego theory is a creditor remedy not owned by the estate, while important, addresses who may asset the claim and under what legal theory, not whether this Court lacks subject-matter jurisdiction to hear a dispute that plainly could affect the estate. Accordingly, the Motion under Rule 12(b)(1) is denied.

**B.  Pleading Sufficiency Under Tennessee Law**

Although the Defendant moved only under Rule 12(b)(1), the sufficiency of the Complaint has been fully briefed and argued, allowing the Court to address this matter under Rule 12(b)(6), which is the correct analysis. The Complaint asserts that (i) "No Name is utilizing the same or substantially similar assets of the Debtor;" (ii) "No Name utilizes the same equipment of the Debtor and employs the same or substantially similar employees; (iii) "Unfinished contracts and intellectual property of the Debtor were transferred to No Name" without consideration; (iv) NNG provides the exact same services, to some of the same clients and touring musical artist previously managed by the Debtor; and (v) NNG, working with the principal Mr. Zebell, shifted assets including intellectual property and other intangible assets away from the Debtor to hinder, delay, and defraud the Debtor's creditors.

Despite the allegations recited in the Complaint, the Trustee did not proceed under § 549 or § 550 and does not seek turnover but relies solely on the "alter-ego" and/or "successor liability" legal theories.  Taking the allegations as true and drawing reasonable inferences for the Trustee,

4

the cause of action for "Successor Liability and/or Alter Ego" does not plausibly satisfy any of *Youree's* three elements necessary to pierce the veil and hold NNG responsible for the Debtor's pre-petition debts. For each of the required elements, the Court finds the Complaint to be deficient as follows:

1. Control tied to the specific transaction. The Complaint alleges overlap in ownership, although the Court finds that there cannot be an "overlap" necessary to maintain a cause of action for alter ego because NNG was formed after the Petition date. The mere continuation of personal services within the same industry without domination and control at the time the alleged transfer occurred fails to meet this requirement under *Youree*. *Youree,* 705 S.W.3d at 209.

2. Wrongdoing beyond breach or inability to pay. The Complaint pleads no fraud, statutory violation, siphoning, self-dealing, asset migration, or other misuse of the entity form. *Youree* requires substantial allegations, more than conclusory injustice or a bankruptcy filing followed by the formation of a new company, to satisfy this element. *Id.* at 209.

3. Proximate Causation. Because no wrongful act is pleaded, the Complaint fails to allege that any domination proximately caused the Trustee's injury or unjust loss to the bankruptcy estate. *Id.* at 209.

The Court finds that neither successor liability nor alter ego can be established by the assertions in the Complaint. But, the Trustee's assertions articulate at least the beginnings of what may be action under well-established theories that the Trustee may be able to advance. Therefore, the Court finds that an amendment would not be futile, as it may be possible for the Trustee to articulate a viable theory based on the assertions already presented in the Complaint.

THEREFORE, IT IS HEREBY ORDERED that:

1. Defendant's Motion to Dismiss under Rule 12(b)(1) is **DENIED.** The Court has subject-matter jurisdiction under 28 U.S.C. § 1334(b).

2. On the present pleadings, and in light of the issues fully aired by the parties, the Court sua sponte finds that the Complaint, as framed, does not set forth sufficient non-conclusory facts to state a plausible claim under the Tennessee law theories advanced in the Complaint. Accordingly, the Complaint is **DISMISSED WITHOUT PREJUDICE** under Rule 12(b)(6) with leave to amend.

3. The Trustee may file an amended complaint within 21 days of entry of this Order. The amendment should identify specific post-petition transfers of estate property and articulate a viable theory for which the estate may recover the assets or value that was transferred. This ruling is without prejudice to Defendant's ability to raise issues of estate ownership, standing and claim sufficiency under Rule 12(b)(6) or at summary judgment.

4. If no amended complaint is filed within 21 days, the Court, upon the submission of a motion and request to close by either party, will enter a final order of dismissal with prejudice.

5. All other relief requested is reserved.

*THIS ORDER WAS SIGNED AND ENTERED ELECTRONICALLY AS
INDICATED AT THE TOP OF THE FIRST PAGE*